IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD S. PHILLIPS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) )  Case No. 3:24-cv-467-DWD |
| ANTHONY WILLS, Warden, Menard Correctional Center, | ) ) ) ) |
| Respondent.[1] | ) ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Petitioner, an inmate at Menard Correctional Center, filed a Petition for a Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2254. The Petition is now before the Court for a preliminary review. Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).

On April 13, 2007, Petitioner was convicted by a jury in the Circuit Court of St. Clair County, Illinois, of first-degree murder under 720 ILCS 5/9-1(a)(1). (Doc. 1, pg. 2). He was sentenced to a term of 55 years of imprisonment on May 29, 2007. (Doc. 1, pg. 2).

---

[1] The caption of Petitioner's Petition and, as a result, the docket in this case, mistakenly name Anthony Hills as Respondent. The Warden of Menard Correctional Center is Anthony Wills. The Clerk of the Court is **DIRECTED** to make that correction on the docket in this case.

Petitioner directly appealed the judgment of conviction to the Illinois Appellate Court, Fifth District, alleging speedy trial violations, delays in his initial appearance, a failure to provide funds for expert witnesses and investigative services, a failure to grant a motion for a bill of particulars and motion for additional discovery, an erroneous denial of a motion to suppress a videotaped statement, a violation of an order *in limine*, erroneous videotaped testimony, an erroneous grant of a motion *in limine*, inappropriate contact between jurors and court personnel during deliberations, a failure to redact a videotaped statement to the police, a failure to present transcripts to the jury, a prejudicial statement during *voir dire* that the case was "high profile," a violation of the statutory right to a DNA database search, and a failure to prove Petitioner guilty beyond a reasonable doubt. (Doc. 1, pg. 3). On December 2, 2011, the judgment of conviction was affirmed by that court. *See People v. Phillips*, 2011 IL App (5th) 070416-U; (Doc. 1, pg. 3). Petitioner filed a petition for leave to appeal to the Supreme Court of Illinois, which was denied on May 30, 2012. *See People v. Phillips*, 968 N.E.2d 1070 (2012); (Doc. 1, pgs. 3-4).

On October 10, 2012, Petitioner filed a *pro se* petition for relief from judgment under 735 ILCS 5/2-140(f), alleging speedy trial violations, a failure to provide funds for expert witnesses and investigative services, a failure to redact a videotaped statement to the police, an erroneous denial of a motion for mistrial, a denial of the right to cross-examination, and inappropriate contact between jurors and court personnel during deliberations. (Doc. 1, pg. 4). This petition was dismissed on May 28, 2014. (Doc. 1, pg. 4).

Petitioner filed a postconviction petition under 725 ILCS 5/122-1 *et seq.* on February 27, 2013. (Doc. 1, pgs. 4-5). He alleged the ineffective assistance of trial and

2

appellate counsel due to, *inter alia*, a failure to assert a marital privilege, violations of an order *in limine*, a failure to test evidence, a failure to investigate and present impeachment evidence, and a denial of due process from a failure to disclose *Brady* evidence. (Doc. 1, pg. 5). This postconviction petition was dismissed on June 7, 2018. (Doc. 1, pg. 6).

On August 26, 2013, Petitioner filed a successive *pro se* petition for relief from judgment under § 2-140(f), alleging the unlawful use of eavesdropping equipment to obtain evidence. (Doc. 1, pg. 6). Following a grant of leave to supplement, this petition was dismissed on May 28, 2014. (Doc. 1, pg. 6).

Petitioner's initial *pro se* petition for relief from judgment under § 2-140(f) and postconviction petition under § 122-1 *et seq.* were appealed to the Illinois Appellate Court, Fifth District, and the Supreme Court of Illinois. (Doc. 1, pgs. 6-7). The dismissal of the *pro se* petition for relief from judgment under § 2-140(f) was affirmed by the Appellate Court on February 19, 2015, and a petition for leave to appeal in the Supreme Court of Illinois was denied on May 27, 2015. *See People v. Phillips*, 2015 IL App (5th) 140281-U; *People v. Phillips*, 32 N.E. 3d 677 (2015); (Doc. 1, pgs. 6-7). The dismissal of the postconviction petition under § 122-1 *et seq.* was affirmed by the Appellate Court, as modified upon the denial of rehearing, on October 7, 2022, and a petition for leave to appeal in the Supreme Court of Illinois was denied on January 25, 2023. *See People v. Phillips*, 2022 IL App (5th) 180348-U; *People v. Phillips*, 201 N.E. 3d 595 (2023); (Doc. 1, pg. 7). Petitioner did not appeal the Circuit Court of St. Clair County's dismissal of his successive *pro se* petition for relief from judgment under § 2-140(f). (Doc. 1, pg. 7).

Now, in the instant Petition before this Court, Petitioner alleges three grounds for relief. First, Petitioner alleges the ineffective assistance of trial counsel related to the failure to assert a marital privilege at trial. (Doc. 1, pgs. 8-20). Second, Petitioner alleges a *Brady* violation due to the prosecution's failure to disclose certain evidence and the ineffective assistance of counsel related to a failure to request that evidence. (Doc. 1, pgs. 22-24). Third, Petitioner alleges the ineffective assistance of trial counsel in relation to the failure to request that Petitioner's videotaped interview be redacted. (Doc. 1, pgs. 25-27). Petitioner states the first two grounds for relief were presented to the Illinois Appellate Court, Fifth District, and the Supreme Court of Illinois in postconviction petitions. (Doc. 1, pgs. 21, 25). As to the third ground for relief, however, Petitioner suggests the issue was not presented on direct appeal or in a postconviction petition to both the Illinois Appellate Court, Fifth District, and the Supreme Court of Illinois. (Doc. 1, pgs. 27-28).

Here, given the limited record available at this time, it does not "plainly appear[] from the petition" that Petitioner is entitled to no habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle*, 545 U.S. at 663. Accordingly, without commenting on the merits of Petitioner's grounds for relief, the Court **FINDS** the Petition survives a Rule 4 preliminary review. Respondent is **DIRECTED** to file an answer or other pleading within 30 days, *i.e.*, on or before **May 15, 2024**. Petitioner then has until **June 14, 2024**, to file a Reply. This Memorandum & Order does not preclude Respondent from raising any objection or defense to the Petition. Service on the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois, 60601, shall constitute sufficient service upon Respondent.

Petitioner is **ADVISED** of the continuing obligation to keep the Clerk of the Court and Respondent apprised of changes in his whereabouts. Petitioner shall notify the Clerk of the Court and Respondent of any transfer or change of address, in writing, within 14 days. The failure to do so could result in a dismissal of the case. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: April 15, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge